**Norman L. ROSENTHAL, Ph.D., Plaintiff–Appellant–Cross–Appellee,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee–Cross–Appellant.**

Nos. 02–7661, 02–7700, 04–0845.

United States Court of Appeals, Second Circuit.

March 24, 2005.

Gilbert B. Abramson, Gilbert B. Abramson & Associates, LLC, Philadelphia, Pennsylvania, for Plaintiff.

Louis M. Lagalante, Gallagher, Harnett & Lagalante, LLP, New York, New York, for Defendant.

PRESENT: NEWMAN, STRAUB, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Norman L. Rosenthal brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking benefits under long term disability policies administered by defendant-appellee First Unum Life Insurance Company

("First Unum"). We assume the parties' familiarity with the facts, decision below, and issues on appeal.

As Rosenthal's policies accorded First Unum discretionary authority in making claims determinations, and as we agree with the District Court that none of Rosenthal's evidence indicates that First Unum's decision was *in fact* influenced by a conflict of interest, the District Court properly reviewed First Unum's decision to terminate Rosenthal's benefits under the deferential "arbitrary and capricious" standard. *See Fay v. Oxford Health Plan,* 287 F.3d 96, 108–09 (2d Cir.2002) We further find that First Unum's decision satisfies this standard of review because it was supported by multiple medical opinions that Rosenthal's health was sufficiently improved to allow him to perform the material duties of his regular occupation, and so we affirm.

We likewise affirm the District Court's grant of summary judgment against First Unum's counterclaim. First Unum alleges that, during the period in which Rosenthal was receiving benefits, he failed to disclose to it the extent of his employment as a financial advisor and that, in fact, Rosenthal took much of his compensation in deferred and equity forms to avoid discovery. First Unum argues that this allegation raises issues of fact as to, first, whether Rosenthal's actual earnings were sufficiently high to trigger a reduction in benefits under his insurance policies and, second, whether Rosenthal even met the policies' definition of disability during this period. As for the first of these issues, reviewing the District Court's grant of summary judgment in light of the limited argument presented below, we affirm. Specifically, we affirm the District Court's calculations based on the income reported on Rosenthal's tax forms and find that defendant failed to create a genuine issue below as to whether Rosenthal's unreported income was of such magnitude that (in combination with his reported income) *it* would have triggered a reduction in benefits. As for the second issue, we find that First Unum failed to create a genuine issue of material fact as to whether Rosenthal met the policies' definition of "disabled," *i.e.,* was incapable of performing "each of the material duties of his regular occupation."

Finally, Rosenthal appeals the District Court's denial of his motion pursuant to Fed.R.Civ.P. 60(b)(2) for relief from judgment based on new, proposed testimony from a former employer that, during the period in which First Unum proceeded to terminate Rosenthal's benefits, First Unum had an established practice of targeting large disability claims for closure, regardless of their merit. The District Court found this evidence to be mere impeachment evidence, and denied the motion accordingly, *see United States v. Int'l Broth. of Teamsters,* 247 F.3d 370, 392 (2d Cir.2001). While the District Court's characterization is debatable, the District Court's denial nonetheless was well within its broad discretion, as Rosenthal also failed to establish that he exercised due diligence in uncovering the proposed evidence.

We have considered all of appellant's and cross-appellant's claims and find them meritless. Accordingly, we AFFIRM the judgment of the District Court.